# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOHN VAN TIELEN,

                 Petitioner,             :     Case No. 1:13-cv-642

     - vs -                                Chief Judge Susan J. Dlott
                                         Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
 Chillicothe Correctional Institution,
                                   :

                 Respondent.

================================================

# REPORT AND RECOMMENDATIONS; DECISION AND ORDER
# DENYING MOTION TO EXPAND THE RECORD

================================================

       This is a habeas corpus case brought *pro se* by Petitioner John Van Tielen to obtain relief

from his conviction in the Brown County Court of Common Pleas on four counts of pandering

sexually-oriented material involving a minor.   On each count he was sentenced to six years

imprisonment and the sentences were run consecutive to each other for a total term of twenty-

four years.

       Van Tielen pleads the following grounds for relief:

> **Ground One:**  The trial court abused its discretion in overruling
> appellant's motion to withdraw pleas in violation of his Sixth and
> Fourteenth amendment rights under the United States Constitution.
>
> **Supporting Facts**: On March 13, 2012, I submitted a motion to
> withdraw plea, based solely on the fact that the plea was not
> knowingly, intelligently, or voluntarily entered into. My specific
> plea was for an element of "receiving" which was not part of the
> charging instrument. This fact was presented by counsel, and
> repeated by the trial court. On several points in the hearing it was
> clear that I pled to only receiving the material, which was clearly a
> lesser offense, in the statute. When the prosecutor gave a statement

of the facts, it was read that I completed the offense as it is read in the charging instrument. At no time was this confusion made clear by counsel, the State, or the trial court. When defense counsel stated that I simply received the photos there was no objection from the prosecution. It was at this point the State started adding the word received to all the remaining counts. I was denied due process by the court's failure to clarify what exactly I was pleading.

**Ground Two:** The trial court's misstatement of State law, upon which the appellant relied in entering the plea, created a manifest miscarriage of justice that rendered the pleas void.

**Supporting Facts**: When the trial court recited the charging offenses and allowed the addition of an element, it created the manifest miscarriage of justice. The confusion as to what specifically I pled to without clarification led me to believe that I plead to simply receiving the photos. I would not have plead to reproduction because the prosecution never set forth where the photos were found, on the thumb drive or the hard drive. There is no possible way I could have made an intelligent plea to the charge as written in the charging instrument if I make a clear statement that I only received the photos. The judge himself stated is there any comment as to the facts other than your maintaining that you received. This statement gave me the false sense of knowing that I was pleading to receiving, which is a lesser felony offense, under the same statute. When the trial court addressed me directly, I was asked if I understood that admitting to receiving it amounted to guilty, but was not clear as to which statute I was pleading guilty.

**Ground Three:** The trial court erred in relating inaccurate information to the appellant upon which the appellant relied, rendering his pleas void, as not being knowingly, intelligently, or voluntarily made in violation of the United States Constitution and Ohio Constitution.

**Supporting Facts**: The trial court at the sentencing gave effect and used words when defining the statute added elements that were not part of the charging instrument. My understanding is that the word receiving is not appear in the charging offense. When asked by the court if I was pleading to the offense as discussed in Court. I stated I was. This created the confusion that had me thinking I was entering a plea to receiving photos as my attorney and I had previously stated during the hearing. The court had the obligation to make sure my plea was knowingly and intelligently entered into.

2

> **Ground Four:  T**he doctrine of res judicata, a rule of fundamental and substantial justice, is not to be applied so rigidly as to offend that the ends of justice or so as to work an injustice, which violated the appellant's constitutional rights.
>
> **Supporting Facts:**  At the time of sentencing, the trial court specifically told me that I had no right to appeal any issue outside of the sentence. It was not until this appeal that the prosecution argued res judicata to bar me from raising this claim on appeal. I firmly believe that I could not waive my rights for those issues if I was never informed about my right to appeal. The record is clear from the first appeal that I only addressed sentence issues.

(Petition, Doc. 6.)[1]


**Procedural History**


Petitioner was indicted on ten counts of pandering sexually-oriented material involving a minor in violation of Ohio Revised Code § 2907.322(A)(1).  After plea negotiations, Van Tielen pled guilty to four of those counts and the other six were dismissed.  After being sentenced to the term of imprisonment he is now serving, Van Tielen appealed, raising only an assignment of error respecting the sentence.  The Twelfth District Court of Appeals affirmed on March 7, 2011. The Ohio Supreme Court declined to exercise jurisdiction over an additional appeal on July 6, 2011.

On March 13, 2012, about twenty-one months after sentencing, Van Tielen moved to withdraw his guilty plea on the ground it was not knowingly, intelligently, and voluntarily entered.  The trial court denied the motion.  Van Tielen then again appealed to the Twelfth District Court of Appeals with the assistance of counsel.  The court overruled the assignment of

---

[1] Capitalization has been simplified in accordance with normal English style.  The Court understands from the record that Petitioner is German by birth and that German capitalization practice is substantially different from English.

error as barred by *res judicata* and alternatively found there was no manifest injustice in denying the withdrawal because the record made at the plea hearing supported a finding of guilty of pandering as opposed to mere receipt. *State v. Van Tielen*, 2013-Ohio-446, 2013 Ohio App. LEXIS 367 (12th Dist. Feb. 11, 2013). The Ohio Supreme Court again declined jurisdiction over an appeal. Van Tielen has also unsuccessfully sought resentencing in the trial court and reopening in the court of appeals.

Van Tielen filed his Petition *pro se* in this Court on November 4, 2013 (Doc. No. 6). On Judge Bowman's Order, the Respondent filed a Return of Writ (Doc. No. 9) and Van Tielen has filed a Reply (Doc. No. 13). The case is thus before the Court ripe for decision on the merits.

Also ripe is Petitioner's Motion to Complete, Expand the Record (Doc. No. 14) which the Warden opposes (Doc. No. 16).

Petitioner asserts that:

> Respondent did not complete the states [sic] record pertaining to this proceeding in that it did not include the complete discovery and evidence as well as the alleged statement that the Petitioner made and that the State included in the Bill of Particulars and their memorandum of oppositions [sic] which is paramount to the Petitioner's argument and coincides with his response.

(Doc. No. 14, PageID 375.) He concludes that "it is vital that the state produce the evidence that it has asserted [all] along but never produced in it's [sic] arguments." *Id.* at PageID 376. For reasons which will be explained in the course of this Report, the Motion to Complete or Expand the Record (Doc. No. 14) is DENIED.

# Analysis

**Procedural Default**


The Warden asserts that Van Tielen's Second and Third Grounds for Relief are procedurally defaulted because under Ohio law they should have been presented on direct appeal, but were not (Return, Doc. No. 9, PageID 65).

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First,

a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985).  Failure to present an issue to the state supreme court on discretionary review constitutes procedural default.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).  "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), *citing Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)(*quoting O'Sullivan v. Boerckel*, 526 U.S. 838, 846-7(1999)); *see also Deitz v. Money*, 391 F.3d 804, 808 (6th  Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not[.]").

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir.

2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138; *accord*, *Hartman v. Bagley*, 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ohio has a relevant procedural rule, to wit, that claims which depend on the record made in the trial court must be raised on direct appeal or are thereafter barred by *res judicata*. *State v. Perry*, 10 Ohio St. 2d 175 (1967). Ohio's doctrine of *res judicata* in criminal cases, enunciated in *Perry*, is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). The Twelfth District Court of Appeals enforced that rule against Van Tielen on his appeal from denial of his motion to withdraw the plea. *State v. Van Tielen, supra*, ¶¶7-8.

Van Tielen seeks to excuse his procedural default by claiming it was the result of

ineffective assistance of appellate counsel (Reply, Doc. No. 13, PageID 368).  Such ineffective assistance can excuse a procedural default, but the claim must first be presented to the state courts.  *Edwards v. Carpenter*, 529 U.S. 446 (2000).  Van Tielen raised a claim of ineffective assistance of appellate counsel by way of an Ohio App. R. 26(B) application for reopening.  However, the Twelfth District dismissed that application as the result of another procedural default on Van Tielen's part, to wit, filing on May 9, 2013, when the application was due not later than ninety days after journalization of the court of appeals' judgment sought to be reopened, which happened on March 7, 2011.  *State v. Van Tielen*, Case No. CA2010-06-011 (unreported, copy at Ex. 34 to Return of Writ, Doc. No. 9-1, PageID 280-82).  Under *Edwards, supra*, a claim of ineffective assistance of appellate counsel which is itself defaulted under state law cannot serve as an excuse for a prior procedural default.

The Warden's procedural default defense on Grounds Two and Three is well-taken and those Grounds should be dismissed with prejudice on that basis.


**Merits Analysis**


**Grounds for Relief One, Two, and Three**


Van Tielen's first three grounds for relief essentially argue that his conviction cannot stand because it is based on a guilty plea that was not knowingly, intelligently, and voluntarily entered.  Although Grounds Two and Three have been found to be procedurally defaulted, the Magistrate Judge offers merits analysis of those claims in the alternative.

In opposition to the First Ground for Relief – that the trial court abused its discretion in

8

not permitting the plea to be withdrawn – Respondent argues that this claim is not cognizable in federal habeas corpus because abuse of discretion under state law is not a federal constitutional violation. That is correct; abuse of discretion by a state judge is not actionable in habeas corpus. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

However, Van Tielen is proceeding *pro se* and is entitled to liberal construction of his pleadings. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *McNeil v. United States,* 508 U.S. 106, 113 (1993). The Court will therefore read Ground One as claiming the conviction is invalid because it was based on a guilty plea that was not knowing, intelligent, and voluntary. Similarly, Grounds Two and Three are procedurally defaulted to the extent they are based on misstatements of law or fact by the trial judge, but they can be considered together with Ground One in determining whether the plea is valid.

A plea of guilty or no contest is valid if it is entered voluntarily and intelligently, as determined by the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969); *King v. Dutton*, 17 F.3d 151 (6th Cir. 1994); *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991); *Berry v. Mintzes,* 726 F.2d 1142, 1146 (6th Cir. 1984). The determination of whether this plea was intelligently made depends upon the particular facts and circumstances of each case. *Johnson v. Zerbst,* 304 U.S. 458, 463 (1938); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

*Brady*, 397 U.S. at 755. In order for a guilty plea to be constitutional it must be knowing, intelligent, voluntary, and done with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). The identical standard applies to a plea of no contest or nolo contendere. *See Fautenberry v. Mitchell*, 515 F.3d 614, 636–37 (6th Cir. 2008). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he is pleading. *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994). The voluntariness of a guilty or no contest plea is determined in light of all relevant circumstances surrounding the plea. *Brady*, 397 U.S. at 749. If a prosecutor's promise is illusory, then a plea is involuntary and unknowing. *United States v. Randolph*, 230 F.3d 243, 250–51 (6th Cir. 2000). However, where a defendant is "fully aware of the likely consequences" of a plea, it is not unfair to expect him to live with those consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984), *abrogated in part by Puckett v. United States*, 556 U.S. 129, 138 fn1 (2009). A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* at 326–27.

A court cannot rely on the petitioner's alleged "subjective impression" "rather than the bargain actually outlined in the record," for to do so would render the plea colloquy process meaningless. *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). If the plea colloquy process were viewed in this light, any defendant who alleged that he believed the plea bargain was different from that outlined in the record would have the option of withdrawing his plea despite his own statements during the plea colloquy indicating the opposite. *Id.*

In considering Van Tielen's claim that his plea was invalid, the Twelfth District Court of

Appeals held as follows:

> **[\*P9]**  Even if res judicata was inapplicable to the case at bar, Van
> Tielen's argument that the trial court erred by not granting his
> motion to withdraw his guilty pleas lacks merit. Pursuant to
> Crim.R. 32.1, "a motion to withdraw a plea of guilty or no contest
> may be made only before sentence is imposed; but to correct
> manifest injustice the court after sentence may set aside the
> judgment of conviction and permit the defendant to withdraw his
> or her plea." A motion made pursuant to Crim.R. 32.1 is addressed
> to the sound discretion of the trial court. *State v. Smith*, 49 Ohio
> St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus.
> The good faith, credibility, and weight of the movant's assertions
> in support of the motion are matters to be resolved by that court.
> *Id.* Thus, we review a trial court's denial of a motion to withdraw a
> guilty plea for an abuse of discretion, and we reverse that denial
> only if it is unreasonable, arbitrary,  or unconscionable. *State v.
> Taylor*, 12th Dist. No. CA2007-12-037, 2009 Ohio 924, ¶ 11.
>
> **[\*P10]**  Despite Van Tielen's argument, there is no evidence that a
> manifest injustice occurred. According to R.C. 2907.322(A)(1),
> "no person, with knowledge of the character of the material or
> performance involved, shall do any of the following: (1) Create,
> record, photograph, film, develop, reproduce, or publish any
> material that shows a minor participating or engaging in sexual
> activity, masturbation, or bestiality." While it is true that the
> prosecutor and defense counsel made reference to Van Tielen
> "receiving" the sexually-orientated matter involving a minor, there
> was also evidence that Van Tielen knowingly *reproduced* sexually-
> orientated matter involving a minor.
>
> **[\*P11]**  During the plea hearing, the state specified that Van
> Tielen downloaded photographs containing child pornography onto
> his computer's hard drive and thumb drive from emails he
> received. Van Tielen did not object to the state's recitation of facts
> except to say "it's really a matter of him receiving, not creating or
> disseminating." However, there is nothing in the record to indicate
> that Van Tielen ever denied *reproducing* the images onto his  hard
> drive and thumb drive.
>
> **[\*P12]**  By virtue of his pleas, Van Tielen admitted to the facts
> that he downloaded and reproduced the pictures by saving them to
> the hard drive and external drive, which constitutes a separate
> action of reproduction rather than mere "receiving." *State v. Kraft*,

> 1st Dist. No. C-060238, 2007 Ohio 2247, ¶ 92-94; and *State v.*
> *Huffman*, 165 Ohio App. 3d 518, 2006 Ohio 1106, ¶ 49, 847
> N.E.2d 58 (1st Dist.). As such, the trial court did not abuse its
> discretion in denying Van Tielen's motion to withdraw his guilty
> pleas, as there was no manifest injustice. Van Tielen's assignment
> of error is overruled.

*State v. Van Tielen, supra.*

The Warden has filed a copy of the Plea Transcript at Doc. 10-1.  The transcript shows the prosecutor recited that the terms of the plea agreement were that Van Tielen would plead guilty to four counts of pandering sexually-oriented material involving a minor in violation of Ohio Revised Code § 2907.322(A)(1), a felony of the second degree.  *Id.*  at PageID 311.  Van Tielen said he understood that.  *Id.*  at PageID 311-12.  The prosecutor then recited the relevant statement of facts as to each of the four counts of conviction which were that Van Tielen, "with knowledge of the character of the material or performance involved recklessly . . .reproduced . . . material that shows a minor engaging in sexual activity . . ."  *Id.*  at PageID 314 as to Count 1. She further recited that an investigation in Georgia showed that emails containing child pornography were sent to Van Tielen's IP address in Ripley, Ohio.  The Brown County Sheriff's Office obtained a search warrant for Van Tielen's premises where a computer hard drive and thumb drive were seized.  Upon forensic analysis, both of those media were found to contain ten images of child pornography.  *Id.*  at PageID 314-15.  Asked to comment on those facts, defense counsel stated that the statute was multi-faceted and "it's really a matter of receiving, not creating or disseminating."  *Id.*  at PageID 315-16.  Van Tielen agreed with his attorney, but also with the judge's comment that that amounted to guilt.  *Id.*  at PageID 316.  The prosecutor then recited identical facts as to Counts 2, 3, and 4 and Van Tielen and his attorney had no comment. *Id.*  at PageID 316-20.

Judge Gusweiler then proceeded with the plea colloquy directly with Van Tielen.  The

judge told him the maximum sentence on each count was eight years in prison.  *Id.*  at PageID 321-23.  Defendant acknowledged he understood that because of his prior first degree felony conviction in New Jersey, he would face a mandatory prison sentence.  *Id.*  at PageID 322.  Van Tielen was told the sentences could be consecutive.  *Id.*  at PageID 323.  He acknowledged signing the written plea of guilty and that he was satisfied with the representation he had received. *Id.*  at PageID 329.  He acknowledged that the plea was voluntary.  *Id.*  at PageID 330. Separate guilty pleas were taken on all four counts and each time the judge recited that the plea was to a violation of Ohio Revised Code § 2907.322(A)(1), a felony of the second degree.  Judge Gusweiler then made a finding that the pleas were knowing, intelligent, and voluntary.  *Id.*  at PageID 331.

When the case came on for sentencing on June 1, 2010,  invited to speak on Van Tielen's behalf, his counsel emphasized his cooperation with authorities from the time of arrest and his good conduct while incarcerated prior to sentencing (Doc. No. 10-1, PageID 338-40).   She emphasized his work history since coming to Ripley, Ohio, his family situation (married with a supportive wife and five-month-old child).   Van Tielen himself spoke, showing remorse but not questioning the counts of conviction or the possible sentences.   Following imposition of sentence, neither Van Tielen nor his counsel made any objections.  *Id.*  at PageID 360.

Having reviewed both transcripts in their entirety, the Court finds that the conclusion of the Twelfth District that the plea was knowing, intelligent, and voluntary is not based on an unreasonable determination of the facts and is also consistent with the federal constitutional law on guilty pleas which is set forth above.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision

is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton*, 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor*, 529 U.S. 362, 379 (2000).

Van Tielen's position seems to be that all he did was to receive the offending photographs and his counsel and Judge Gusweiler's use of the word "received" at the time of the plea colloquy created confusion and led him to believe he was pleading to a lesser included offense.

Ohio Revised Code § 2907.322(A)(1) makes it a felony of the second degree to "create, record, photograph, film, develop, **reproduce**, or publish any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality." (Emphasis supplied.) Ohio Revised Code § 2907.322(A)(5) makes it a felony of the fourth degree to "knowingly solicit, receive, purchase, exchange, possess, or control any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality." Violation of § 2907.322(A)(5) by knowingly receiving, possessing, or controlling sexually-oriented material involving a minor could be a lesser included offense of § 2907.322(A)(1) because one would have to receive, possess, and control such material in order to reproduce it or publish it. But there is no reference in either transcript to any offer that Van Tielen could plead guilty to the fourth degree felony and in fact Judge Gusweiler repeated as to each count that it was a second-degree felony. Counsel's and Van Tielen's comments about "receipt" are properly read as arguing that Van Tielen's violations of § 2907.322(A)(1) were really the least culpable kinds of violations of that section because he did not create, film, or publish any of the images. Judge Gusweiler clarified the "received" comment by obtaining Van Tielen's admission that he was in

fact guilty of violating § 2907.322(A)(1).

That statute makes it an offense to "reproduce" prohibited images. Clearly, Van Tielen is guilty of reproduction. Images received as email attachments can be viewed by opening the attachment. If one knows the images are child pornography, one has violated § 2907.322(A)(5) just by opening the attachment. It takes an additional step to save emailed images to a hard drive and that step consists of copying the electronic image – "reproducing it." Another further reproduction is involved in copying the image to a thumb or flash drive, whether that is done directly from the email or from the hard drive. The prohibited images were found both on his hard drive and on his thumb drive. They can only have gotten there by being saved to one of the drives and copied to the other or saved to both from the email.[2]

In his Motion to Complete or Expand the Record, Van Tielen seeks to have the record completed by adding "the complete discovery and evidence as well as the alleged statement that the Petitioner made. . . ." (Doc. No. 14, PageID 375). He continues:

> Petitioner has asserted throughout the state court proceedings that he simply "received" the photo's and that the state never showed where the 4 photo's originated from. Petitioner still, as of this date has not been given the opportunity to view the evidence to see if the state even had the proof it asserted by way of the Address Line, File name, File created date, last written date, last accessed line, Archival History. Nor did the defendant ever even know that this information existed because his attorney never showed him.
>
> Each time when the state talks about the "evidence" it simply states that Petitioner admitted to the detective that he would find these illegal images on his computer. Petitioner never made any such statements to anyone and there is nothing on the record or was given to the Petitioner through demand of Discovery. Yet the state continues to use this alleged statement in its arguments. No formal statement was taken by the arresting officers, nor were there any reports submitted to the defense upon request in demand for discovery.

---

[2] These facts about the operation of personal computers are sufficiently widely known in the Court's vicinity that judicial notice may be taken of them.

*Id.*

Petitioner's Motion evinces two important misunderstandings of the posture of this case. First of all, this Court cannot consider evidence beyond what the state courts considered in concluding that the guilty pleas were knowing, intelligent, and voluntary. *Cullen v. Pinholster,* 563 U.S. ___, 131 S. Ct. 1388 (2011). The limitations in *Pinholster* are virtually jurisdictional and apply to expansion of the record as well as to evidentiary hearings. *Moore v. Mitchell*, 708 F.3d 760, 780-784 (6th Cir. 2014). *Moore* also holds this restriction applies even if the record is expanded on joint motion and agreement to such a motion does not waive the State's objection under *Pinholster.* Thus this Court could not consider the evidence which Van Tielen wishes to add to the record.

Secondly, Van Tielen is now demanding evidence of his guilt, but by pleading guilty a person gives up the right to challenge the evidence against him. A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case against him. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

**Ground Four:  Res Judicata**

In his Fourth Ground for Relief, Van Tielen argues the Ohio criminal *res judicata* doctrine should not be applied against him in this case, particularly because he claims the trial judge told him he could only appeal sentencing issues. Van Tielen has offered no record reference for that statement by Judge Gusweiler and this Court has been unable to find any.

The criminal *res judicata* doctrine is a matter of state law. This Court is not authorized to decide it should not be applied in this case. The Sixth Circuit has repeatedly held it is an adequate and independent state ground of decision. *Durr v. Mitchell*, *supra.* The Fourth Ground for Relief should therefore be dismissed with prejudice.


Conclusion


The Motion to Expand the Record is DENIED. Based on the foregoing analysis, it is respectfully recommended the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.


September 10, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).