# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOHN VAN TIELEN,

        Petitioner,       :    Case No. 1:13-cv-642

   - vs -                        Chief Judge Susan J. Dlott
                                      Magistrate Judge Michael R. Merz

NORM ROBINSON, Warden,
  Chillicothe Correctional Institution,

                                    :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 20, labeled "Reply") and Supplemental Objections (Doc. No. 21) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 17). Chief Judge Dlott has recommitted the case to the Magistrate Judge for reconsideration in light of the Objections (Recommittal Order, Doc. No. 22).

**Procedural History**

Van Tielen was convicted on his May 17, 2010, plea of guilty to four counts of a ten count indictment, charging him in each count with pandering sexually-oriented material involving a minor in violation of Ohio Revised Code § 2907.322(A)(1). Van Tielen was thereafter sentenced and appealed to the Twelfth District Court of Appeals, raising only a sentencing issue. The Twelfth District affirmed March 7, 2011, and the Ohio Supreme Court

1

declined review July 6, 2011.  *State v. Van Tielen,* 129 Ohio St. 3d 1410, 2011-Ohio-3244 (2011).

On March 13, 2012, about twenty-one months after sentencing, Van Tielen moved to withdraw his guilty plea.  The trial court denied the motion.  The Twelfth District affirmed on the basis of *res judicata* and because the plea colloquy supported the guilty finding.  *State v. Van Tielen*, 2013-Ohio-446, 2013 Ohio App. LEXIS 367 (12th Dist. Feb. 11, 2013).  The Ohio Supreme Court again declined jurisdiction.  *State v. Van Tielen*, 135 Ohio St. 3d 1461, 2013-Ohio-2285 (2013).

## Analysis

Van Tielen pleads four grounds for relief.  The Report found Grounds Two and Three procedurally defaulted because they should have been presented on direct appeal but were not (Report, Doc. No. 17, PageID 398-401).  Van Tielen's proffered excuse – that they were omitted because of ineffective assistance of appellate counsel – was rejected because he also procedurally defaulted presenting his ineffective assistance of appellate counsel claim to the Twelfth District.  *Id.* at 400-01.  The Report offered a merits analysis on Grounds One and Four and an alternative merits analysis on Grounds Two and Three.

**Objection One:  Misapplication of *Res Judicata***

Van Tielen objects first to the Twelfth District's reliance on *res judicata* to deny relief on his motion to withdraw his guilty plea (Reply, Doc. No. 20, PageID 416-17).

Relying on the leading case of *State v. Perry,* 10 Ohio St. 2d 175 (1967), the Twelfth District held:

> **[\*P8]**  Van Tielen, who was represented by counsel at the time he made his guilty pleas, as well as when he made his direct appeal, did not raise any issues regarding whether "receiving" child pornography constitutes a violation of R.C. 2907.322(A)(1). As such, Van Tielen cannot now make a collateral challenge to his conviction by arguing that his motion to withdraw his guilty pleas should have been granted. *State v. Gegia*, 11th Dist. No. 2003-P-0026, 2004 Ohio 1441, ¶ 24-25.

*State v. Van Tielen,* 2013-Ohio-446, 2013 Ohio App. LEXIS 367 (12th Dist. Feb. 11, 2013).

Van Tielen complains that this application of the *res judicata* doctrine is unfair because of something unspecified that the trial judge told him, and he "was also advised by both his defense attorney as well as his appellate attorney Robert Ricky that he could only raise sentencing issues also." (Reply, Doc. No.20, PageID 416-17.)

Van Tielen points to no evidence of record about what his trial attorney or his appellate attorney told him could be raised on direct appeal.  Van Tielen's Delayed Application for Reopening his Direct Appeal was filed May 9, 2013, three months after the *res judicata* ruling was affirmed, so plainly he knew of the ruling and could have raised it in a timely 26(B) application, but did not do so (Return of Writ, Doc. No. 9-1, Ex. 32, PageID 255 et seq.). Nowhere in that Application does Van Tielen claim his appellate attorney was ineffective either for misadvising him about the scope of his appeal or for not claiming ineffective assistance of trial counsel for any misadvice by his trial attorney.  Nor does he cite any misstatement by the trial judge about the scope of appeal.  Instead, he complains about an alleged misstatement by the trial judge about the charges he was pleading guilty to.

Van Tielen has forfeited any claim that the application of *res judicata* against him is unfair because he never called to the attention of the state courts any of the supposed facts –

3

misadvice about the scope of appeal – he now raises.

**Objection Two:  Trial Court Misstatement of the Law**

The statute Van Tielen pleaded guilty to violating is Ohio Revised Code § 2907.322 and provides:

> (A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:
>
> (1) Create, record, photograph, film, develop, reproduce, or publish any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;
>
> (2) Advertise for sale or dissemination, sell, distribute, transport, disseminate, exhibit, or display any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;
>
> (3) Create, direct, or produce a performance that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;
>
> (4) Advertise for presentation, present, or participate in presenting a performance that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;
>
> (5) Knowingly solicit, receive, purchase, exchange, possess, or control any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality;
>
> (6) Bring or cause to be brought into this state any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality, or bring, cause to be brought, or finance the bringing of any minor into or across this state with the intent that the minor engage in sexual activity, masturbation, or bestiality in a performance or for the purpose of producing material containing a visual representation depicting the minor engaged in sexual activity, masturbation, or bestiality.

> (B)
>> (1) This section does not apply to any material or performance that is sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, clergyman, prosecutor, judge, or other person having a proper interest in the material or performance.
>>
>> (2) Mistake of age is not a defense to a charge under this section.
>>
>> (3) In a prosecution under this section, the trier of fact may infer that a person in the material or performance involved is a minor if the material or performance, through its title, text, visual representation, or otherwise, represents or depicts the person as a minor.
>
> (C) Whoever violates this section is guilty of pandering sexually oriented matter involving a minor. Violation of division (A)(1), (2), (3), (4), or (6) of this section is a felony of the second degree. Violation of division (A)(5) of this section is a felony of the fourth degree. If the offender previously has been convicted of or pleaded guilty to a violation of this section or section 2907.321 or 2907.323 of the Revised Code, pandering sexually oriented matter involving a minor in violation of division (A)(5) of this section is a felony of the third degree.

In his Second and Third Grounds for Relief, Van Tielen claims the trial judge misstated the law in such a way as to lead him to believe he was pleading to violations of § 2907.322(A)(5) – receiving child pornography – instead of (A)(1) – reproducing child pornography.

The Report concluded that both of these Grounds for Relief were procedurally defaulted by Van Tielen's failure to present them on direct appeal, since they depend on evidence in the appellate record (Report, Doc. No. 17, PageID 398-401). Van Tielen makes no objection to the procedural default analysis.

5

On the merits, Van Tielen insists the trial judge "added" an element to the offenses. The Report contains an extensive analysis of the plea colloquy (Report, Doc. No. 17, PageID 405-06). In his Objections, Van Tielen does not point to particular elements of that analysis which he says are wrong. Instead, he repeats his argument that the trial judge "added an element."

During the plea on May 17, 2010, Van Tielen said he understood he was pleading guilty to four counts of violating Ohio Revised Code § 2907.322(A)(1), a felony of the second degree (Transcript, Doc. No. 10-1, PageID 311-12). Asked for a recitation of facts on Count 1, the prosecutor recited that a hard drive and a thumb drive had been seized from Van Tielen's residence pursuant to a search warrant which contained ten photographs authenticated by a forensic computer expert as being child pornography. *Id.* at 314-15. In response to that statement of facts, Van Tielen's counsel responded "it's really a matter of him receiving, not creating or disseminating." *Id.* at PageID 316. Van Tielen concurred with his attorney, but admitted that his acts amounted to guilt. *Id.* As to Counts 2, 3, and 4, Van Tielen's counsel concurred with the prosecutor's statement with the same caveat. *Id.* at PageID 317.

Addressed personally by the judge, Van Tielen agreed that he was entering guilty pleas to four counts of pandering sexually oriented material including a minor in violation of Ohio Revised Code § 2907.322(A)(1) and that this was a felony of the second degree, punishable by up to eight years in prison. *Id.* at PageID 321. Judge Gusweiler recited the same matter for Counts 2, 3, and 4. *Id.* at PageID 322-23. Van Tielen pled guilty separately to each of the four counts. *Id.* at PageID 330-31. Never once during the plea colloquy did Van Tielen express confusion about anything, although in the Objections he accuses both the State and the trial judge of failing to resolve his confusion (Reply, Doc. No. 20, PageID 419).

After a pre-sentence investigation, the case came on for sentencing on June 1, 2010

6

(Transcript, Doc. No. 10-2).  At the time of sentencing, defense counsel spoke of Van Tielen's cooperation and amenability to treatment and did not mention how the offense was committed. *Id.* at PageID 338-44.  Van Tielen himself expressed no confusion about the offenses.  In fact, he said "[a]nd it does not, in any way, shape, or form, excuse what I did.  I take complete responsibility for it." *Id.* at PageID 346.  After Judge Gusweiler sentenced him to six years consecutive on each count, Van Tielen expressed no confusion at all as to why he was being sentenced on felonies of the second as opposed to the fourth degree.

The first time Van Tielen claimed to be confused was when he filed his Motion to Withdraw Guilty Plea in March 2012, almost two years after sentencing (Return of Writ, Doc. No. 9-1, PageID 154 et seq.).  He makes the claim in that Motion that "[s]everal times during the plea hearing, the Defendant stated and his counsel asserted that Mr. Van Tielen only 'received' the material as demonstrated by the transcript of the plea hearing (pages 6-11)." *Id.* at PageID 155.  Examination of the transcript belies that claim.  The only place the word "receiving" is used in those six pages is in Ms. Tailer's comment that "it's really a matter of him receiving, not creating or disseminating."  (Transcript, Doc. No. 10-1, PageID 316.)  In contrast, the word "reproduced" which describes a violation of Ohio Revised Code § 2907.322(A)(1) is used four times, once for each count.

In considering this claim on appeal, the Twelfth District found that downloading the photos from an email to an internal hard drive and to an external thumb drive constituted reproducing those images, as charged in the Indictment and that Van Tielen had never denied the downloading.  *State v. Van Tielen*, 2013-Ohio-446, ¶¶ 10-12, 2013 Ohio App. LEXIS 367 (12th Dist. Feb. 11, 2013).

Van Tielen is correct that "receiving" child pornography is a violation of Ohio Revised

7

Code § 2907.322(A)(5), rather than (A)(1).  But Judge Gusweiler never suggested that Van Tielen was pleading guilty only to receiving and his lawyer's comments are appropriately read as claiming his actual behavior – downloading to the two drives or downloading to one and copying to the other – are much closer in culpability to receiving than to "creating" or "disseminating" child pornography.

Apart from his renewed claim that Judge Gusweiler misstated the law and that his plea is therefore invalid, Van Tielen raises a number of other points about the evidence against him.  He now claims that the State never actually proved that the images were reproduced (Reply, Doc. No. 20, PageID 420).  Nor, he says, has the State proven where the images came from.  *Id.* at PageID 421.  He argues "both the trial court as well as the Twelfth District has done everything possible to divert and evade the evidence issues."  As pointed out in the Report, the State is under no obligation to prove anything when a defendant pleads guilty (Doc. No. 17, PageID 409).  In objection to that point in the Report, Van Tielen says "he realizes that when entering a guilty plea that evidence does not matter any more but he is speaking about the evidence that was or was not presented before he entered a guilty plea."  (Reply, Doc. No. 20, PageID 422).  That still misses the point.  There must be a factual basis for a guilty plea, but the prosecutor does not have to present evidence to back up the factual basis.  If the State had to present evidence, there would be little utility to the plea negotiation process.  Rather in that process a defendant and his counsel must weigh the evidence that they believe the State has available and decide whether, in light of that evidence, defendant is better off pleading to fewer charges than are pled in the indictment.  In this case the State had two digital devices which it had seized from Van Tielen's home which contained ten forsensically authenticated images of child pornography.  Had that been proven to a jury, Van Tielen would have faced a sentence of up to eighty years

imprisonment. By accepting a plea offer, Van Tielen limited his exposure to thirty-two years.

**Conclusion**

Having reconsidered the case in light of the Objections, it is again respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 28, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).